■ THE PEOPLE OF THE STATE OF NEW YORK v. FLOYD KAZMERSKI.— Appellant, who was convicted of the crime of impairing the morals of a minor, obtained a certificate of reasonable doubt on May 26, 1960, pursuant to the provisions of section 529 of the Code of Criminal Procedure. Among other things, that section provides that if the appeal from the judgment of conviction is not brought on for argument within 120 days from the granting of the certificate the defendant must surrender himself in execution of the judg-

ment, unless for good cause shown the court wherein the appeal is pending shall extend the time for argument of the appeal. Instead of perfecting the appeal within the time allowed by the statute, appellant made a series of motions for enlargements of time, none of which were opposed and all of which were based solely on the affidavit of his attorney. The order entered on the last motion granted an enlargement to the June 1961 Term and provided for the dismissal of the appeal without notice in the event the appellant failed to perfect the appeal for the designated term. Appellant has now submitted a stipulation which would further enlarge the time to the September 1961 Term. A reading of the affidavit of appellant's attorney annexed to the stipulation, together with the papers submitted on the four motions for enlargements of time, clearly establishes that there has been an unreasonable and unwarranted delay in the prosecution of the appeal. This court has had occasion to note its disapproval of such undue delays, especially where certificates of reasonable doubt have been granted (*People* v. *Reger*, 13 A D 2d 63). Appellant in this case has had ample time to bring his appeal on for argument, and there is no reasonable basis for further enlarging the time beyond the June Term. Consequently, the stipulation submitted will be honored only to the extent of permitting the appeal to be brought on for the June 1961 Term provided appellant serves and files his record on appeal and appellant's points, with notice of argument for the June Term, by May 15, 1961. Respondent's brief is to be served and filed by May 31, 1961. In the event the appellant fails to notice the appeal for the June Term as herein provided an order will be entered on the court's own motion, pursuant to section 535 of the Code of Criminal Procedure, dismissing the appeal. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.